**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

INFINITY EXHIBITS, INC.,

    Plaintiff,

v.                                                                                 Case No: 8:20-cv-01098-T-36AEP

CERTAIN UNDERWRITERS AT LLOYD'S
LONDON; UNDERWRITERS AT
LLOYD'S, LONDON KNOWN AS
SYNDICATE PEM 4000; and HAMILTON
INSURANCE DESIGNATED ACTIVITY
COMPANY,

    Defendants.

_____/

## ORDER

This matter comes before the Court on Plaintiff's Amended Complaint (Doc. 10) and the jurisdictional concerns raised in the Order to Show Cause (Doc. 9). In its Amended Complaint, Plaintiff requests declaratory judgment against Defendants Certain Underwriters at Lloyd's London and Underwriters at Lloyd's London known as Syndicate PEM 4000, and Hamilton Insurance Designated Activity Company. (Doc. 10). Subject matter jurisdiction in this action is purportedly based on 28 U.S.C. §§ 1332, 1367(a), 2201, and 2202. *See id.* ¶ 13, 14, 15.

As this Court stated in its previous Order, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). Federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *Univ. of South Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Hence, the Court explained that 28 U.S.C. §§ 2201, 2202, and 1367(a) do not independently confer jurisdiction upon a federal court and ordered Plaintiff to show an independent source of jurisdiction. *See Goodin v. Fid. Nat. Title Ins. Co.*, 491 F. App'x 139, 143 (11th Cir. 2012); *Maher Law Firm, P.A. v. Newlin*, No. 6:19-CV-407-ORL-37EJK, 2019 WL 3858157, at *1 (M.D. Fla. Aug. 16, 2019) (stating same); *U.S. Bank, Nat'l Ass'n v. Martinez-Clark*, No. 6:16-CV-717-ORL-40KRS, 2016 WL 9460737, at *2 (M.D. Fla. Sept. 1, 2016), *report and recommendation adopted*, No. 6:16-CV-717-ORL-40KRS, 2016 WL 9460738 (M.D. Fla. Oct. 11, 2016) (noting that the court must have original jurisdiction in order to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a)) .

The amended complaint now alleges 28 U.S.C. § 1332, as an additional basis for jurisdiction because "Plaintiffs and Defendants are citizens of different countries and because the amount in controversy exceeds $75,000." (Doc. 10 ¶ 13). In order for diversity jurisdiction to exist under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff. *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002). It is not clear whether diversity jurisdiction exists here because Plaintiff has not sufficiently pleaded Defendants' citizenship. In the amended complaint, Plaintiff identifies the subscribing syndicates to the policies at issue and alleges that "[e]ach syndicate is organized under the laws of the United Kingdom and is located in and has it['s] principal place of business in England." (Doc. 10 ¶¶ 23, 24, 25, 26). In establishing jurisdiction pursuant to 28 U.S.C. § 1332, the citizenship of each member of the syndicates of Lloyd's underwriters must be pleaded. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1089 (11th Cir. 2010). The amended complaint does not do so, thus precluding this Court from determining whether Defendants are truly diverse from Plaintiff.

Additionally, the amount in controversy has not be satisfied. Notably, when a plaintiff seeks declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective. *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). However, "a conclusory allegation that the amount in controversy is satisfied is 'insufficient to sustain jurisdiction once that allegation is challenged.' " *First Acceptance Ins. Co., Inc. v. Hemphill*, No. 8:08-CV-2051-T-27TGW, 2009 WL 10671295, at *2 (M.D. Fla. July 28, 2009) (*citing Morrison v. Allstate Indemn. Co.*, 228 F.3d 1255, 1272 n. 17 (11th Cir. 2000)). "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." *Metro. Prop. & Cas. Ins. Co. v. Bielling*, No. 5:06-CV-426-OC-10GRJ, 2007 WL 9719233, at *1 (M.D. Fla. Aug. 8, 2007); *Pappalardo v. Stevins*, No. 2:17-CV-346-FTM-99CM, 2017 WL 3088107, at *1 n.2 (M.D. Fla. July 20, 2017) (stating same with reference to *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003)).

Here, Plaintiff alleges that "the amount in controversy exceeds $75,000." (Doc. 10 ¶ 14). In support of this, Plaintiff states that it has lost "business income as a result of cancelled trade shows starting March 2, 2020," and that the "insurance policy provides coverage for business income losses and extra expenses" arising from business closures due to the COVID-19 pandemic. *See id.* at ¶¶ 55, 63, 70. Based on the allegations of the Amended Complaint, the Court cannot discern the value of the object of the litigation. *See, e.g. Rapid Auto Loans, LLC v. Orion Portfolio Servs., LLC*, No. 18-23427-CIV, 2018 WL 8223779, at *1 (S.D. Fla. Sept. 7, 2018) (finding that Defendant had met the amount in controversy requirement for removal of Plaintiff's action for damages and declaratory relief where Defendant asserted that the amount in controversy is based on the $3 million-plus value of the debt portfolio at issue in the case). The amended complaint has not alleged a good faith basis that more than $75,000 is at issue in this case.

Accordingly, it is **ORDERED**:

1. Plaintiff is directed to **SHOW CAUSE** as to why the Amended Complaint (Doc. 10) should not be dismissed for lack of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff shall file a written response with the Court within **FOURTEEN (14) DAYS** from the date of this Order.  Additionally, Plaintiff may file a Second Amended Complaint, which cures the jurisdictional deficiencies, within **FOURTEEN (14) DAYS** from the date of this Order. Failure to respond to this Order within the time provided will result in this action being dismissed.

**DONE AND ORDERED** in Tampa, Florida on May 15, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:

Counsel of Record